**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JOSE MANUEL XITUMUL SOTO,
*individually and on behalf of others similarly*
*situated,*

               Plaintiff,

– against –

THE VILLAGE IN TIMES SQUARE LLC
(D/B/A JOE'S PIZZA), GIOVANNI
CAROLLO, and ARTEMIO CIELO,

               Defendants.

**ECF Case**

**Index No. 1:20-cv-05463-JPC**

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

    **WHEREAS,** plaintiff JOSE MANUEL XITUMUL SOTO ("Plaintiff") commenced the above-captioned action against defendants THE VILLAGE IN TIMES SQUARE LLC, (D/B/A JOE'S PIZZA) ("Joe's Pizza"), GIOVANNI CAROLLO, and ARTEMIO CIELO (collectively, "Defendants") on July 16, 2020, in the United States District Court for the Southern District of New York ("Court"), bearing Case No. 1:20-cv-05463-JPC ("Action") and alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL");

    **WHEREAS,** Defendants have denied and continue to deny all allegations and claims made by Plaintiff in their entirety;

    **WHEREAS,** Plaintiff and Defendants (collectively, the "Parties") desire to fully and finally resolve all claims that they have, had, and/or may have against each other;

    **WHEREAS,** Plaintiff and Defendants engaged in mediation with an experienced mediator Alan Gettner, Esq. through the Southern District of New York's Mediation Program;

**WHEREAS,** during that mediation Plaintiff and Defendants reached a settlement that is acceptable to the Parties and that constitutes a fair and reasonable compromise of Plaintiff's claims, Defendants' defenses, and the *bona fide* dispute between the Parties; and

**WHEREAS,** the Parties have memorialized their settlement by way of this Settlement Agreement and Release ("Agreement") and understand that they are waiving legal rights by signing this Agreement and enter into this Agreement voluntarily with a full understanding of, and agreement with, all of its terms.

**NOW, THEREFORE,** in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, Plaintiff, on behalf of himself and all of his heirs, executors, administrators, and assigns, and Defendants agree as follows:

1.      **Preliminary Matters.**  Plaintiff has reviewed the terms of this Agreement, has had the opportunity to confer with Plaintiff's counsel, Michael Faillace & Associates, P.C., in order to obtain advice with respect to the terms of this Agreement, and has had the opportunity to consider Plaintiff's counsel's advice with respect to the foregoing and following Agreement.  Plaintiff enters into this Agreement voluntarily and with a full understanding of its terms, after it has been translated into Plaintiff's primary language by Plaintiff's counsel.

2.      **No Admission of Liability.** The Parties hereto recognize and agree that Defendants do not admit, and expressly deny, any violation of law or any liability to Plaintiff or anyone else as a result of or growing out of matters that: (i) are set forth in the Complaint filed by Plaintiff in the Action; (ii) could have been raised in the Action; or (iii) otherwise involve Plaintiff's employment relationship with Defendants and/or the separation or termination of Plaintiff's employment relationship with Defendants.  Plaintiff shall not be considered a prevailing party. Neither this Agreement nor any of its terms shall be admissible in any proceeding other than in an

- 2 -

application seeking Court approval of this Agreement and/or the final dismissal of the Action or in a proceeding for breach of this Agreement and/or to enforce the terms of this Agreement.

3.      **Dismissal of Action and Settlement Approval.**  For and in consideration of the promises of Defendants set forth in this Agreement, the receipt and sufficiency of which Plaintiff hereby acknowledges, Plaintiff agrees: (i) to dismiss the Action with prejudice or cause the Action to be dismissed with prejudice; (ii) not to re-file the causes of action asserted in the Action or any other causes of action that could have been asserted in the Action; (iii) not to institute any action against Defendants based on any claims or allegations that exist on or prior to the date that Plaintiff executes this Agreement ("Effective Date") and that are released by this Agreement; and (iv) not to institute any action against Releasees (as defined below) based on any wage and hour claims that exist on or prior to the Effective Date and that are released by this Agreement.  The Parties agree to submit this Agreement to the Court for its inspection and approval as a fair and reasonable resolution of a bona fide dispute over provisions of the Fair Labor Standards Act and/or time worked, in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *cert. denied*, 146 S. Ct. 824 (U.S. 2016) ("*Cheeks*").  To that end, the Parties shall sign the Stipulation and (Proposed) Order Approving FLSA Settlement and Dismissing Action with Prejudice ("Dismissal Order") that is attached to this Agreement as Exhibit A.  The Dismissal Order shall be filed in the United States District Court for the Southern District of New York with a fully executed copy of this Agreement and any other papers that are necessary to effectuate the approval of the Agreement, including the release of claims contemplated thereby, and the dismissal of the Action with prejudice.  Defendants shall be provided with a reasonable period of time to review and provide comments to Plaintiff regarding Plaintiff's application for the approval of this Agreement prior to its submission to the Court, as well as to make their own submission to the Court if appropriate.

- 3 -

4.     **Consideration.**

A.     For and in consideration of the promises of Plaintiff set forth in this Agreement, including but not limited to the releases contained in Sections 5(A) and 5(B) below, and subject to an order by the Court approving the terms and conditions of this Agreement as a fair and reasonable resolution of a bona fide dispute over provisions of the Fair Labor Standards Act, in accordance with *Cheeks*, and dismissing the Action with prejudice (collectively, "Final Order"), Joe's Pizza agrees to pay Plaintiff and his attorneys the maximum total sum of Thirty-Two Thousand and Five Hundred Dollars and Zero Cents ($32,500.00) ("Settlement Payment") in full and final satisfaction of all issues between the Parties (excluding the employer's share of any payroll taxes typically borne by an employer with respect to any payment made to Plaintiff on a W-2 basis).  The Settlement Payment shall be allocated and paid as follows:

(i)     Provided that no appeal is filed, Joe's Pizza shall deliver payment in the amount of Twelve Thousand Five Hundred Dollars and Zero Cents ($12,500.00) in the amounts set forth below (the "Initial Payment") within thirty-five (35) days after the Court has entered the Final Order and Plaintiff and Plaintiff's counsel have provided the required tax forms as described in Section 4(C) below, whichever occurs last.  However, if an appeal is timely filed, then Joe's Pizza shall deliver the Initial Payment to Plaintiff's counsel within seven (7) days after the date of the latest of the following events: (1) any appeal from the Final Order has been finally dismissed; (2) the Final Order has been affirmed on appeal in a form substantially identical to the form of the Final Order entered by the Court; (3) the time to petition for review with respect to any appellate decision affirming the Final Order has expired; (4) if a petition for review of an appellate decision is filed, the petition has been denied or dismissed, or, if granted, has resulted in affirmance of the Final Order in a form substantially identical to the form of the Final Order entered by the Court; and (5) Plaintiff and Plaintiff's counsel have provided the required tax forms as described

- 4 -

in Section 4(C) below.  In the event that the due date for the Initial Payment falls on a weekend or

Court holiday, then the Initial Payment shall be due the next business day following the weekend

or Court holiday at issue.  Plaintiff's counsel shall be responsible for distributing Plaintiff's portion

of the Initial Payment to Plaintiff.  The Initial Payment shall be made to Plaintiff and Plaintiff's

counsel in the following manner:

               (1)      One check made payable to "JOSE MANUEL XITUMUL

SOTO" in the gross amount of Four Thousand One Hundred and Sixty-Six Dollars and Sixty-

Seven Cents ($4,166.67), less applicable taxes, withholdings and deductions, which shall

represent wages and compensation allegedly due to Plaintiff, be treated as earnings, and reported

on an IRS Form W-2;

               (2)      One check made payable to payable to "JOSE MANUEL

XITUMUL SOTO" in the gross amount of Four Thousand One Hundred and Sixty-Six Dollars

and Sixty-Seven Cents ($4,166.67), which shall represent alleged liquidated damages, penalties,

and interest, be treated as non-wage damages, and reported on an IRS Form 1099; and

               (3)      One check made payable to "Michael Faillace &

Associates, P.C." in the amount of Four Thousand One Hundred and Sixty-Six Dollars and

Sixty-Seven Cents ($4,166.67), which shall represent Plaintiff's alleged attorneys' fees, costs,

and expenses and be reported on an IRS Form 1099.

               (ii)      The remaining Twenty Thousand Dollars and Zero Cents

($20,000.00) of the Settlement Payment remaining after the Initial Payment has been made (the

"Remaining Payment") shall be paid in twelve (12) equal installments of One Thousand Six

Hundred and Sixty-Six Dollars and Sixty-Six Cents ($1,666.66), paid monthly on or before the

- 5 -

last day of the month, delivered to Plaintiff's counsel, in the amounts set forth below, with the first such installment being made on or before the last day of the month following the month in which the Initial Payment was made. Plaintiff's counsel shall be responsible for distributing Plaintiff's portion of the Remaining Payment to Plaintiff. The Remaining Payment shall be made to Plaintiff and Plaintiff's counsel each month for twelve months in the following manner:

(1)     One check made payable to "JOSE MANUEL XITUMUL SOTO" in the gross amount of Five Hundred and Fifty-Five Dollars and Fifty-Five Cents ($555.55), less applicable taxes, withholdings and deductions, which shall represent wages and compensation allegedly due to Plaintiff, be treated as earnings, and reported on an IRS Form W-2;

(2)     One check made payable to payable to "JOSE MANUEL XITUMUL SOTO" in the gross amount of Five Hundred and Fifty-Five Dollars and Fifty-Five Cents ($555.55), which shall represent alleged liquidated damages, penalties, and interest, be treated as non-wage damages, and reported on an IRS Form 1099; and

(3)     One check made payable to "Michael Faillace & Associates, P.C." in the amount of Five Hundred and Fifty-Five Dollars and Fifty-Six Cents ($555.56), which shall represent Plaintiff's alleged attorneys' fees, costs, and expenses and be reported on an IRS Form 1099.

B.     Joe's Pizza will issue Plaintiff IRS Forms W-2 in connection with the payment set forth in Sections 4(A)(i)(1) and 4(A)(ii)(1) and an IRS Form 1099 in connection with the payment set forth in Sections 4(A)(i)(2) and 4(A)(ii)(2). Plaintiff shall provide Defendants' counsel with completed IRS Forms W-4 and W-9 prior to receiving the payments set forth in

- 6 -

Sections 4(A)(i)(1), 4(A)(ii)(1), 4(A)(i)(2), and 4(A)(ii)(2).  Joe's Pizza will issue an IRS Form 1099 to Michael Faillace & Associates, P.C. in connection with the payments set forth in Sections 4(A)(i)(3) and 4(A)(ii)(3).. Plaintiff remains responsible for any and all tax liabilities for the payments contemplated in this agreement, without any liability on the part of Defendants, and Plaintiff agreeing to hold Defendants harmless for any and all individual tax liabilities and obligations that Plaintiff may incur in the payment of this Settlement.  Michael Faillace & Associates, P.C. shall provide a completed IRS Form W-9 to Defendants' counsel prior to receiving the payment set forth in Sections 4(A)(i)(3) and 4(A)(ii)(3).

C.     Because a portion of the Settlement Payment does not encompass wages, Joe's Pizza will not withhold taxes from the non-wage payments made pursuant to Sections 4(A)(i)(2), 4(A)(ii)(2), 4(A)(i)(3), and 4(A)(ii)(3) ("Non-Wage Payments").  Plaintiff understands and agrees that Plaintiff is solely responsible for any and all tax obligations that may result from the Non-Wage Payments and that Plaintiff is not relying on any representations made by Defendants or their counsel regarding the tax implications of the Non-Wage Payments.  Although the Parties believe, in good faith, that the tax treatment of the Non-Wage Payments is proper and in compliance with applicable IRS, state and municipal regulations, if, notwithstanding such belief, the IRS or any other federal, state or local government, administrative agency, or court determines that Plaintiff and/or any of the Defendants are liable for any failure by Plaintiff to pay federal, state, or local taxes with respect to the Non-Wage Payments, Plaintiff agrees to reimburse, indemnify, and hold Defendants harmless for any such liability.

D.     Plaintiff's counsel and Defendants' counsel do not intend for this Agreement to constitute legal advice regarding the tax consequences of these payments.  To the extent that this Agreement is interpreted to contain or constitute legal advice regarding any federal, state, or local tax issue, such advice is not intended or written to be used, and cannot be used, by

- 7 -

any person for the purpose of avoiding any tax liability or penalties.  Plaintiff agrees that he has not relied on any advice from Defendants or their attorneys concerning the tax consequences of the payments made pursuant to this Agreement, but is relying on his own judgment and the advice of his own counsel in this matter.

E.      All payments set forth above shall be subject to all liens and wage garnishment notices concerning Plaintiff that are received by Defendants to the extent required by applicable law.

5.      **Mutual Releases.**

A.      **Wage and Hour Release by Plaintiff.**   For and in consideration of the promises of Defendants set forth in this Agreement, including the Settlement Payment, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Plaintiff, on behalf of himself and all of his heirs, executors, administrators, attorneys, and assigns, hereby fully and forever releases, relieves, waives, relinquishes, and discharges Releasees (as defined below) from any and all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims, and demands relating to Plaintiff's compensation and/or any wage and hour violations arising from or relating to Plaintiff's employment or engagement with Defendants, whether known or unknown, under federal, state, and/or local wage and hour laws (including, but not limited to, the FLSA, the NYLL, the New York Code of Rules and Regulations, the New York Hospitality Industry Wage Order, the New York Wage Order for Miscellaneous Industries and Occupations, and the New York Wage Theft Prevention Act) or the common law, including any related penalties, damages, liquidated damages, interest, and attorneys' fees and costs, from the beginning of the world through the Effective Date of this Agreement.  This release is limited solely and only to wage and hour

- 8 -

claims that have arisen on or prior to the Effective Date of this Agreement and it does not release or discharge any claims that may occur after that date.  As used in this Agreement, the term "Releasees" shall refer to Defendants, Defendants' subsidiaries (including but not limited to any grandchild entities, great grandchild entities, and so on), parents (including but not limited to any grandparent entities, great grandparent entities, and so on), affiliates, successors, related entities, assigns, heirs, executors, administrators, and attorneys, and all of their present and former owners, directors, officers, partners, shareholders, members, employees, representatives, agents, attorneys, and insurers.

B.     **General Release by Plaintiff.**  For and in consideration of the promises of Defendants set forth in this Agreement, including the Settlement Payment and the General Release by Defendants in Section 5(C) below, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Plaintiff hereby fully and forever releases, relieves, waives, relinquishes, and discharges Defendants from any and all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims, and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, which he had, now has, or hereafter can, shall, or may have against Defendants that may be legally waived by private agreement, arising out of, by reason of, or relating in any way whatsoever to any matter, cause, or thing, from the beginning of the world through the Effective Date of this Agreement, including, but not limited to: (i) claims arising directly or indirectly from Plaintiff's association with Defendants, whether as an employee, independent contractor, or otherwise, and/or the termination of that association, employment, and/or engagement; (ii) claims arising directly or indirectly from the action(s) or inaction of Defendants; (iii) claims under federal, state, or local laws, statutes, regulations, rules,

- 9 -

ordinances, or orders, including, but not limited to, claims under Title VII of the Civil Rights Act

of 1964, the Civil Rights Act of 1866, the Age Discrimination in Employment Act, the Worker

Adjustment and Retraining Notification Act, the Americans with Disabilities Act of 1990, the

Employee Retirement Income Security Act of 1974, the Equal Pay Act, the Immigration Reform

and Control Act, the Consolidated Omnibus Budget Reconciliation Act, the Fair Credit Reporting

Act, the Occupational Safety and Health Act, the Family and Medical Leave Act of 1993, the New

York State Worker Adjustment and Retraining Notification Act, the New York State Human

Rights Law, the New York City Earned Safe and Sick Time Act, and the New York City Human

Rights Law, each as amended; (iv) claims for unpaid wages, whether based on the common law or

otherwise, including all claims for unpaid overtime, commissions, improper deductions, travel

time, spread of hours pay, call-in pay, meal credits, tools-of-the-trade, uniform purchase and

maintenance, bonuses, penalties, expense reimbursements, gratuities, fees, tip credits, tip

allowances, service charges, and retained gratuities during Plaintiff's association, employment

and/or engagement with Defendants, and claims for other compensation, wages, or benefits,

including, but not limited to, life insurance, accidental death and disability insurance, sick leave,

other employer-provided plans or programs, distributions of income or profit, vacation or other

leave time, retirement benefits, pension benefits, the use of information obtained by Defendants as

a result of the offering of group health insurance coverage, and/or any related penalties, damages,

liquidated damages, interest, and attorneys' fees and costs under any federal, state, or local law;

and (v) any other claims, whether for monies owed, reimbursement, attorneys' fees, litigation

costs, damages, torts, intentional infliction of emotional distress, negligence, promissory estoppel,

breach of contract, breach of an implied covenant of good faith and fair dealing, constructive

discharge, wrongful discharge, defamation, fraud, misrepresentation, or otherwise, arising on or

prior to the Effective Date of this Agreement.  This release is limited solely and only to claims that

have arisen on or prior to the Effective Date of this Agreement and it does not release or discharge any claims that may occur after that date.  The only exclusions from this release are claims for unemployment insurance benefits, workers' compensation benefits, and vested benefits under any applicable employee benefit plan or program.  Nothing in this Agreement shall infringe on Plaintiff's ability to testify, assist, or participate in an investigation, hearing, or proceeding conducted by or to file a charge or complaint of discrimination with the National Labor Relations Board, U.S. Equal Employment Opportunity Commission, or comparable state or local agencies. These agencies have the authority to carry out their statutory duties by investigating the charge or complaint, issuing a determination, filing a lawsuit in federal or state court in their own name, or taking any other action authorized by law.  However, Plaintiff is precluded from receiving compensation as a result of any such action.

C.   **General Release by Defendants.**  For and in consideration of the promises of Plaintiff set forth in this Agreement, including the General Release by Plaintiff in Section 5(B) above, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Defendants hereby fully and forever release, relieve, waive, relinquish, and discharge Plaintiff from any and all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims, and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, which they had, now have, or hereafter can, shall, or may have against Plaintiff that may be legally waived by private agreement, arising out of, by reason of, or relating in any way whatsoever to any matter, cause, or thing, from the beginning of the world through the Effective Date of this Agreement, including, but not limited to: (i) claims arising directly or indirectly from Plaintiff's association, employment, and/or engagement with any of the

- 11 -

Defendants, whether as an independent contractor, employee, or otherwise, and/or the termination of that association, employment, and/or engagement; (ii) claims arising directly or indirectly from the action(s) or inaction of Plaintiff; (iii) claims under any federal, state, or local laws, statutes, constitutions, regulations, rules, ordinances, or orders; (iv) claims for penalties, damages, liquidated damages, and attorneys' fees related to claims under federal, state, and/or local law; and (v) any other claim, whether for monies owed, reimbursement, attorneys' fees, litigation costs, damages, torts, intentional infliction of emotional distress, negligence, promissory estoppel, breach of contract, breach of an implied covenant of good faith and fair dealing, constructive discharge, wrongful discharge, defamation, fraud, misrepresentation, or otherwise, arising on or prior to the Effective Date of this Agreement.  This release is limited solely and only to claims that have arisen on or prior to the Effective Date of this Agreement and it does not release or discharge any claims that may occur after that date.  Nothing in this Agreement shall infringe on Defendants' ability to testify, assist or participate in an investigation, hearing or proceeding conducted by the National Labor Relations Board, U.S. Equal Employment Opportunity Commission or comparable state or local agencies.  These agencies have the authority to carry out their statutory duties.

6.      **No Entitlement to Payments or Benefits Outside This Agreement.**  Plaintiff expressly understands and agrees that, except as specifically provided in this Agreement, Plaintiff is not entitled to any payments and/or benefits from Releasees, including, but not limited to, any wages, compensation, back pay, front pay, gratuities, charges purported to be gratuities, commissions, incentive pay, bonuses, interest, damages, benefits, severance pay, vacation pay, sick leave, paid time off, costs, disbursements, and/or attorneys' fees through the date that Plaintiff executes this Agreement.

7.      **Plaintiff's Responsibility for Taxes.**  Plaintiff assumes full responsibility for any and all federal, state, and local taxes or contributions that may hereafter be imposed or required to

- 12 -

be paid by Plaintiff under any federal, state, or local law of any kind, with respect to the monies paid by Joe's Pizza to Plaintiff and/or Plaintiff's counsel pursuant to this Agreement. Indeed, although the Parties believe, in good faith, that the tax treatment of the Settlement Payment is proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the IRS or any other federal, state, or local government, administrative agency, or court determines that Plaintiff and/or any Defendant is liable for any failure by Plaintiff or Plaintiff's counsel to pay federal, state, or local income or employment taxes with respect to the Settlement Payment, or liable for interest or penalties related thereto, then Plaintiff agrees to indemnify and hold Defendants harmless for any such liability.

8.      **Governing Law.**  This Agreement and the rights and obligations of the Parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to conflict of laws principles.

9.      **Venue.**  Venue for any dispute between the Parties shall lie in the United States District Court for the Southern District of New York.  However, if the Court should refuse or decline to accept jurisdiction for any reason, the Parties agree that this Agreement may be enforced in any court of competent jurisdiction located in the State of New York, County of New York. The Court's refusal to retain jurisdiction over the settlement shall not void or otherwise effect this Agreement.

10.     **Severability.**  In the event that the Court determines that any provision of this Agreement is invalid or unenforceable (other than Section 5), the remaining provisions shall continue in full force and effect.  In the event that, after the Court approves this Agreement (including Section 5) and dismisses the Action with prejudice, another court of competent jurisdiction determines that any provision of this Agreement is invalid or unenforceable (other than Section 5), the remaining provisions shall continue in full force and effect.  However, if that court

- 13 -

**Error! Unknown document property name.**

of competent jurisdiction determines that Section 5 is invalid or unenforceable, then all monies

paid hereunder must be returned to Joe's Pizza immediately.

11.     **Status of Settlement if Case Is Not Ultimately Dismissed.**   In the event that the

Court fails to dismiss the Action with prejudice as contemplated by this Agreement, this

Agreement shall be null and void *ab initio*.   In such case, the Parties shall be returned to their

respective statuses as of the date immediately prior to the Effective Date of this Agreement, and

the Parties shall proceed in all respects as if the Agreement had not been executed.   If necessary,

the Parties shall execute and file all required documents, motions, stipulations, and the like to

restore the action to an active status as if this Agreement had not been executed.

12.     **Attorneys' Fees and Costs.**   Except as otherwise specifically set forth herein,

Plaintiff and Defendants expressly agree to bear his or their own attorneys' fees, costs and expenses

incurred in the Action, including the fees, costs, and expenses incurred in negotiating the

settlement, drafting this Agreement, and obtaining the dismissal of the Action with prejudice.   No

party shall be responsible or liable for the payment of any attorneys' fees, costs, or expenses for

any other party, except as set forth herein.

13.     **Interpretation/Jointly Drafted Agreement.**   The language of all parts of this

Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly

for or against any of the Parties.   This Agreement has been negotiated by and between the Parties'

respective attorneys.   It shall be deemed to have been jointly drafted and shall not be construed for

or against any party because that party drafted the Agreement or requested the inclusion of any

particular provision.

14.     **Important Acknowledgments.**   It is understood and agreed that the Settlement

Payment and the other good and valuable consideration provided for herein are not a mere recital

but are the consideration for this Agreement and all terms herein, including the full and final

- 14 -

release effected thereby.  The Parties represent and warrant that this Agreement, including the monies received by Plaintiff and referenced herein, constitutes a fair and reasonable resolution of a bona fide dispute over provisions of the Fair Labor Standards Act and/or time worked, in accordance with *Cheeks*.  Accordingly, the Parties represent and warrant that the Settlement Payment is fair and reasonable and that the attorneys' fees portion of the Settlement Payment is fair and reasonable.  The Parties further represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their attorneys and that they are executing this Agreement knowingly and voluntarily.

15.   **No Other Representations or Agreements; Entire Agreement.** Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys to induce the execution of this Agreement.  This Agreement is a fully integrated contract expressing and containing the entire agreement of the Parties.  There is no other agreement or understanding, written or oral, expressed or implied, among the Parties concerning the subject matter of this Agreement.  This Agreement supersedes and replaces all prior negotiations and agreements, proposed or otherwise, written or oral, concerning the subject matter of this Agreement.

16.   **No Modification Except In Writing.** This Agreement cannot be modified or changed except by a writing that is signed by the Parties and specifically references this Agreement.

17.   **Headings.**  The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

18.   **Successors and Assigns.**  This Agreement will apply to, be binding in all respects upon, and insure to the benefit of the respective successors and assigns of the Parties, including their personal representatives, administrators, executors, heirs, and others taking from them,

- 15 -

provided, however, that no party may delegate or avoid any of its liabilities, obligations, or responsibilities under this Agreement.

19.     **Execution in Counterparts.**  This Agreement may be executed in counterparts by the Parties.    Each executed Agreement, when taken together, shall constitute a complete Agreement.  Scanned, photocopied, and/or facsimile copies of each executed Agreement shall be deemed original copies for all purposes.

20.     **Knowing and Voluntary Release of Claims.**  Plaintiff acknowledges that:

A.      Plaintiff has carefully read and fully understands all of the provisions of this Agreement;

B.      Plaintiff understands that all of the consideration that Plaintiff is receiving for signing this Agreement is described in the Agreement itself, and no other promises or representations have been made to cause Plaintiff to sign it;

C.      Plaintiff is, through this Agreement, releasing Defendants from any claims that Plaintiff may have against them relating to Plaintiff's employment with Defendants, or Plaintiff's separation from employment with Defendants;

D.      Plaintiff is, through this Agreement, releasing Releasees from any wage and hour claims that Plaintiff may have against them relating to Plaintiff's employment with Defendants, or Plaintiff's separation from employment with Defendants;

E.      Plaintiff knowingly and voluntarily agrees to all of the terms set forth in this Agreement;

F.      Plaintiff knowingly and voluntarily intends to be legally bound by this Agreement;

G.      Plaintiff was advised to consult with counsel, and, in fact, consulted with counsel, prior to executing this Agreement;

**Error! Unknown document property name.**

H.      Plaintiff is signing this Agreement knowingly, voluntarily, and without any coercion or duress;

I.      Plaintiff is duly authorized and has full authority to execute this Agreement; and

J.      Plaintiff has not previously transferred, assigned, or conveyed any right or claim released in this Agreement.

**[SIGNATURES ON FOLLOWING PAGE]**

- 17 -

**IN WITNESS WHEREOF**, the Parties hereto have executed, or caused their duly authorized officers to execute, this Agreement as of the dates set forth below.

**JOSE MANUEL XITUMUL SOTO**

Dated: _____     _____

**THE VILLAGE IN TIMES SQUARE LLC**
**(d/b/a Joe's Pizza)**

Dated: _____     **BY:** _____

**GIOVANNI CAROLLO**

Dated: _____     _____
_____

**ARTEMIO CIELO**

Dated: _____     _____
_____

- 18 -

**IN WITNESS WHEREOF**, the Parties hereto have executed, or caused their duly authorized officers to execute, this Agreement as of the dates set forth below.

**JOSE MANUEL XITUMUL SOTO**

Dated: _____   _____

**THE VILLAGE IN TIMES SQUARE LLC**
**(d/b/a Joe's Pizza)**

Dated: _____   BY: _____

**GIOVANNI CAROLLO**

Dated: _____   _____
_____

**ARTEMIO CIELO**

Dated: _____   _____
_____

- 18 -

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE MANUEL XITUMUL SOTO, *individually and on behalf of others similarly situated,*<br><br>                        Plaintiff,<br><br>– against –<br><br>THE VILLAGE IN TIMES SQUARE LLC (D/B/A JOE'S PIZZA), GIOVANNI CAROLLO, and ARTEMIO CIELO,<br><br>                        Defendants. | **ECF Case**<br><br>**Index No. 1:20-cv-05463-JPC**<br><br>**STIPULATION AND (PROPOSED) ORDER APPROVING FLSA SETTLEMENT AND DISMISSING <u>ACTION WITH  PREJUDICE</u>** |

**WHEREAS,** on July 16, 2020, plaintiff JOSE MANUEL XITUMUL SOTO ("Plaintiff") filed a Complaint asserting claims pursuant to the Fair Labor Standards Act and New York Labor Law against defendants THE VILLAGE IN TIMES SQUARE LLC (D/B/A JOE'S PIZZA), GIOVANNI CAROLLO, and ARTEMIO CIELO (collectively, "Defendants", and together with Plaintiff, the "Parties");

**WHEREAS,** the Parties participated in mediation with an experienced mediator Alan Gettner, Esq., through the Southern District of New York's Mediation Program, and reached a settlement of Plaintiff's claims following that mediation through arms-length negotiations;

**WHEREAS,** the Parties have entered into a Settlement Agreement and Mutual Release, dated March _, 2021 ("Agreement"), memorializing the terms of the Parties' settlement; and

**WHEREAS,** this Court has reviewed the Agreement, finds that its terms provide for a fair and reasonable resolution of a bona fide dispute over a provision or provisions of the Fair Labor Standards Act and/or time worked, in accordance with *Cheeks v. Freeport Pancake House, Inc.*,

796 F.3d 199 (2d Cir. 2015), *cert. denied*, 146 S. Ct. 824 (U.S. 2016), and thereby approves the settlement.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between counsel for Plaintiff and Defendants, and pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, that this action is dismissed with prejudice, with no award of counsel fees or costs by this Court to any party, and that this Court shall retain jurisdiction to enforce the terms of the Agreement.

**MICHAEL FAILLACE & ASSOCIATES, P.C.**            **FOX ROTHSCHILD LLP**

By: _____            By: _____
    Michael A. Faillace, Esq.                   Carolyn D. Richmond, Esq.
    Kevin Johnson, Esq.                         Alexander W. Bogdan, Esq.
    60 East 42nd Street                         101 Park Avenue, Suite 1700
    New York, New York 10165                    New York, New York 10178
    Telephone: (212) 317-1200                   Telephone: (212) 878-7900
    *Attorneys for Plaintiff*                   *Attorneys for Defendants*

SO ORDERED.

Dated: New York, New York
           _____ ___, 2021

_____
**HON. JOHN P. CRONAN**